**Acupuncture**

PACKEL, Attorney General, July 23, 1974.—You have requested our advice as to whether the practice of acupuncture is permitted in Pennsylvania and, if so, which if any of the licensing boards under your jurisdiction may allow and regulate the practice of acupuncture by their licensees.

The practice and use of acupuncture is a recent phenomenon on the American scene as an outgrowth of the influence of practitioners from China. The widespread publicity acupuncture has received has resulted in a large number of individuals holding themselves out as competent practitioners of this ancient art. As a result, there has been a significant increase in the risk of fraudulent practices such as useless or harmful treatments. Since the practice of acupuncture is not specifically mentioned in any of the licensing statutes of Pennsylvania, it is our duty to interpret the scope of these statutes in order to determine whether and where the practice is lawful.

Acupuncture is defined in the standard medical dictionary as "the insertion of needles into a part for the production of counterirritation.": Dorland, Medical Dictionary 33 (24 ed. 1965). It has also been defined as "an ancient Chinese system of medicine in which needles are used for the cure of disease." Felix Mann, Acupuncture Cure of Many Diseases 1 (London: William Heinemann Medical Books, Ltd. 1971) and as a "Chinese practice of puncturing the body [as with needles] to cure disease or relieve pain." Webster's New Collegiate Dictionary 13 (1973). The actual technique may be defined as follows: "Acupuncture, consists . . . of the insertion to a depth of some millimetres, of very fine needles into specifically

indicated points of skin. These are left in place for some minutes, and then removed.": Felix Mann, Acupuncture 2 (New York: Vintage Books, 1972). Since acupuncture consists of the insertion of needles into various parts of the body for the purpose of curing disease or relieving pain, it is clearly a form of practice of medicine.

Upon examination of the laws of all the licensing boards under your jurisdiction, it is apparent that only those boards which regulate the practice of medicine, osteopathy, podiatry, optometry, veterinary medicine, dentistry and the chiropractic can possibly be construed to permit the practice of acupuncture. In order to determine which of these professions are appropriate for the practice of acupuncture, the purview of the laws of each must be examined.

### Physicians and Osteopaths

Of all health care practitioners only two, doctors of medicine and osteopathy, are authorized to pursue an unlimited practice of the healing arts. The Medical Practice Act of June 3, 1911, P. L. 639, as amended, 63 PS §401, et seq., permits licensed physicians and surgeons to practice "medicine and surgery." That term is defined in the act as:

"[T]he art and science having for their object the cure of diseases of, and the preservation of the health of, man, including all practice of the healing art with or without drugs, except healing by spiritual means or prayer.

\*      \*      \*      \*      \*

"(d) the term 'healing art' as used in this act shall mean the science of diagnosis and treatment in any manner whatsoever of disease or any ailment of the human body.": 63 PS §401(c), (d).

It is clear that the use of acupuncture falls within

the purview of the law quoted above and therefore may be practiced by doctors of medicine. The State Board of Medical Education and Licensure, which regulates the practice of medicine, must regulate the practice of acupuncture insofar as it relates to its licensees.

Licensed osteopaths are authorized;

"to practice osteopathy in all its branches, including operative surgery, obstetrics and the use of drugs without restrictions. The phrase 'osteopathy and surgery' as used in this act means a complete school of the healing art applicable to all types and conditions of diseases and disorders, and practiced as authorized herein by physicians and surgeons possessing the degree of doctor of osteopathy.": 63 PS §266.

Since osteopaths, like physicians and surgeons, are authorized to pursue an unlimited practice of the healing arts, they too can practice acupuncture with only those limitations imposed by the State Board of Osteopathic Examiners.

### Dentists

"The practice of dentistry" is statutorily defined as including a person:

"who [sic] diagnoses, treats, operates on, or prescribes for any disease, pain or injury, or regulates any deformity or physical condition of the human teeth, jaws, or associated structures, or conducts a physical evaluation, or administers anesthetic agents.": 63 PS §121.

This definition, limited to the area of the human teeth and jaw, is unlimited as to the nature of the diagnosis and treatment allowed in that area. Thus, a limited practice of acupuncture is permitted under The Dental Law of May 1, 1933, P. L. 216, 63 PS §121, et seq. It is limited in the sense that the practice

of acupuncture can only be used by dentists when they are treating those parts of the body specified in the above quoted portion of the law and are practicing within the limitations imposed by the State Dental Council and Examining Board.

### Podiatrists

The Podiatry Act of March 2, 1956, P. L. (1955) 1206, as amended, 63 PS §42.1, et seq., sets forth the following definition that is the basis for the use of acupuncture.

" 'Podiatry' shall mean the diagnosis and treatment including mechanical and surgical treatment of ailments of the foot, and those anatomical structures of the leg governing the functions of the foot and the administration and prescription of drugs incidental thereto. It shall include treatment of local manifestations of systemic diseases as they appear on the foot but shall not include amputation of the leg or foot or treatment of systemic diseases of any other part of the body.": 63 PS §42.2.

As this is a very broad definition, it would certainly include the practice of acupuncture. However, podiatrists may only practice acupuncture when treating ailments of the foot and when practicing within the limitation imposed by the State Board of Podiatry Examiners.

### Optometrists

"Optometry" is defined as:

"the employment of any means or methods, other than the use of drugs or surgery, for the examination of the human eye and the analysis of ocular functions, or the prescribing, providing, furnishing, adapting or employing any or all kinds and types of lenses and prisms, visual training or orthoptics, ocular exercises and any and all preventive and corrective

methods for the aid, correction or relief of the human eye, its associated structures, appendages and functions, other than the use of drugs or surgery.

"The term 'optometrist' means a person who practices optometry in accordance with the provisions of this act.": Act of March 30, 1917, P. L. 21, as amended, 63 PS §231.

This definition does not permit optometrists to "cure disease or relieve pain" which is the basic purpose of acupuncture as defined previously. Therefore, optometrists are not permitted to engage in the practice of acupuncture.

## Veterinarians

The Veterinary Law of April 27, 1945, P. L. 321, provides in part:

"A person engages in the 'practice of veterinary medicine' within the meaning of this act who, for hire, fee, compensation or reward, promised, offered, expected, received or accepted, either directly or indirectly, diagnoses, prognoses, treats, administers, prescribes, operates, or manipulates, or applies any apparatus or appliance for any disease, pain, deformity, defect, injury, wound or physical condition of any animal, including poultry, or for the prevention, or to test the presence of any disease, or who holds himself or herself out as being legally authorized to do so.": 63 PS §506-2(a)

The practice of acupuncture on animals clearly falls within the purview of the law quoted above. Thus, the State Board of Veterinary Medical Examiners may regulate the practice of acupuncture on animals by veterinarians.

## Chiropractors

The Chiropractic Registration, Act of August 10,

1951, P. L. 1182, defines the practice of chiropractic as follows:

" 'Chiropractic' shall mean a limited science of the healing arts dealing with the relationship between the articulations of the vertebral column, as well as other articulations, and the nervous system and the role of these relationships in the restoration and maintenance of health. It shall include chiropractic diagnosis; a system of locating misaligned or displaced vertebrae of the human spine, and other articulations; the examination preparatory to and the adjustment of such misaligned or displaced vertebrae, and other articulations; the furnishing of necessary patient care for the restoration and maintenance of health and the use of scientific instruments of analysis, as taught in the approved schools and colleges of chiropractic, without the use of either drugs or surgery. The term 'chiropractic' shall not include the practice of obstetrics or reduction of fractures or major dislocations.": 63 PS §601(b).

This definition indicates that the practice of the chiropractic is a limited science of the healing arts concerned with the relationship between articulations of the vertebral column and other articulations as they relate to the nervous system, and is limited to certain types of treatment.

The basic philosophy of the chiropractic deals with the elimination of cause and not with treatment. Many chiropractors believe that the cause of most body ills stem from an improper or an altered nerve supply control which is responsible for the organism's stability output to its environment. Its failure to adapt successfully to its environment produces a variety of illness. The function of the chiropractor is to locate that interference with the nerve transmission and to eliminate it, thereby allowing nature or the body to heal itself.

Nothing is added or taken away but rather spinal adjustments are practiced in order to remove that interference with the nervous system. Hearings Held To Investigate the Use of Acupuncture in Pennsylvania 135 (March 19 and 20th, 1974).

In Howe v. Smith, 203 Pa. Superior Ct. 212 (1964), two licensed chiropractors and the Pennsylvania Licensed Chiropractors' Association attempted to force the Commonwealth to accept certificates from chiropractors concerning the physical fitness of motor vehicle operators. The court decided that only licensed physicians had the statutory authority to diagnose diseases and that determining medical disability or diagnosing diseases were activities prohibited to the practice of chiropractic. In their case before the Superior Court, the chiropractors admitted that they had a limited right to treat diseases but claimed general statutory authority to diagnose diseases without limitations. The court considered the great disparity between the educational requirements for chiropractic and the practice of medicine by stating:

"Naturally the chiropractors would like to be equated with the medical profession, but neither their recognized field of practice nor the statutes relating to these professions makes such an equation realistic. Chiropractors are engaged in a limited field of the healing arts which requires less education and training of them than is required of those practicing medicine and surgery. They are classified separately by the legislature from physicians in numerous ways.": Id. at 219

The court rejected the argument that the legislature had indicated its intent to authorize chiropractors to diagnosis diseases generally. It stated:

"If it was the intent of the legislature to authorize the chiropractor to diagnose generally it certainly did

not spell it out as clearly as it could have and should have. In fact the very use of the word 'preparatory' indicates the examination was to be related to the limited practice of 'adjustment.' The legislature used the expression 'diagnose diseases' in the Medical Practice Act, supra, in a provision which says, 'It shall not be lawful for any person . . . to diagnose diseases . . . excepting those hereinafter exempted, unless he . . . has received a certificate of licensure' under the Act.": Id. at 218

The United States Department of Health, Education and Welfare in late 1968 found it necessary to determine whether or not chiropractic service should be covered in the Medicare program. The conclusion of its report is as follows:

"Chiropractic theory and practice are not based upon the body of basic knowledge related to health, disease, and health care that has been widely accepted by the scientific community. Moreover, irrespective of its theory, the scope and quality of chiropractic education do not prepare the practitioner to make an adequate diagnosis and provide appropriate treatment. Therefore, it is recommended that chiropractic service not be covered in the Medicare Program." D.H.E.W., Independent Practitioners Under Medicare, 1967, December 28, 1968.

Therefore, arguments that chiropractors receive a medical education similar to that of doctors seems to be without merit.

Shortly after the Howe decision, the definition of chiropractic was amended.[1] However, it is our opinion

---

[1] The 1965 amendment inserted in the definition of "chiropractic" the clause beginning with the words, "a limited science of the healing arts"; inserted the words "and other articulations" and "the furnishing of necessary patient care for the restoration and maintenance of health"; and deleted the words "by hand" from the clause "and the adjustment by hand of such . . ."

that the amendment does not change the basic definition of the chiropractic as that definition still indicates that the practice of chiropractic is a limited science of the healing arts and in all other respects, is substantially similar to the definition applicable in Howe.

It has also been argued that both the chiropractic and acupuncture rely upon the normalization of the nervous system to maintain and restore health. Although this is clearly true of the practice of chiropractic, it is not necessarily true of acupuncture as there is little but speculation as to how or why acupuncture works. Acupuncture Therapy 8 (Phila.: Temple University Press, 1973). Thus the argument that the practice of acupuncture and the chiropractic are interrelated cannot be substantiated.

It should be noted that there are several complications that can occur when a person is treated with acupuncture. For example, the acupuncture needle can puncture a lung, artery or other bodily organ as well as break inside.[2] Although such complications occur infrequently, immediate treatment would seem to be required by a person who is trained to handle such emergencies. The nature of the chiropractic does not include this type of specialized training and is therefore not within the expertise of a chiropractor.

From a careful reading of the definition of the chiropractic, from an understanding of the basic philosophy of the chiropractic as well as from the reasons discussed previously, it seems clear that to permit chiropractors to insert needles into various parts of the human body to cure disease, as acupuncture requires, would be an over-extension of his or her pro-

[2] For a more complete discussion regarding the complications that may arise, see Carron et al., Complication of Acupuncture, Journal of the American Medical Association, June 17, 1974, Col. 228, No. 12, p. 1552.

fession. We therefore conclude, that chiropractors may not practice acupuncture.

Accordingly, it is our opinion and you are so advised that only doctors of medicine and osteopathy may practice acupuncture subject to those limitations imposed by their respective licensing boards. Podiatrists may practice acupuncture as it relates to the foot, dentists as it relates to the mouth and jaw and veterinarians as it relates to animals. Chiropractors and optometrists may not engage in the practice of acupuncture. We strongly urge the boards regulating the above professions to promulgate regulations which will insure that practioners of acupuncture have had proper training.

We are forwarding a copy of this opinion to J. Finton Speller, M.D., Secretary of Health, as well as the licensing boards under your jurisdiction that are affected by this opinion.